IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

ROBERTA GASKIN

      Plaintiff,

v.

WAL-MART STORES, INC.,

      Defendant.

## NOTICE OF REMOVAL

Defendant Wal-Mart Stores, Inc. ("Defendant" or "Wal-Mart") through its undersigned counsel, submits this Notice of Removal of this matter to the United States District Court for the District of Colorado pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support of this Notice of Removal, Defendant states as follows:

1. On November 18, 2025, Plaintiff filed a Complaint ("Complaint") in the District Court of Denver County, Colorado, captioned *Roberta Gaskin v. Wal-Mart Stores, Inc.,* Case No. 2025-CV-34170. Plaintiff filed an Affidavit of Service evidencing service on CT Corporation System, the registered agent of Defendant, on November 21, 2025.

2. This Notice of Removal is filed within the thirty-day requirement under 28 U.S.C. § 1446(b). Notice of removal "shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of copy of the initial pleading…or within 30 days after the service of summons upon the defendant." 28 U.S.C. § 1446(b).

3. "Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds a sum or value of $75,000, exclusive of interest and costs, and is between. . . citizens of different States." 28 U.S.C. § 1332(a)(1).

4. This Court has jurisdiction over this action under 28 U.S.C. § 1332, and this action is removable under 28 U.S.C. § 1441(b) because this is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. Removal is appropriate here because there is complete diversity between the parties. For diversity purposes, "an individual's state citizenship is equivalent to domicile." *Smith v. Cummings*, 445 F.3d 1254, 1259 (10th Cir. 2006). "To establish domicile in a particular state, a person must be physically present in the state and intend to remain there." *Id*. at 1260. Here, according to the Complaint, Plaintiff is domiciled in Colorado. Further evidence that Plaintiff is domiciled here is that Plaintiff is registered to vote in Colorado and has been since 1994. See Colorado Voter registration (Exhibit A); see also *Saxena v. Kunze*, No. 1:22-cv-00573-DDD-SBP, 2024 U.S. Dist. LEXIS 23572, at *33 (D. Colo. Jan. 3. 2024) ("Voter registration is persuasive evidence of a person's citizenship because an individual registering to vote often must declare, under penalty of perjury, that he or she has been a resident of the state for a period of time before registration and that the address provided on the registration is the registrant's only place of

residence.") (citations omitted). Accordingly, Plaintiff is now and was at all relevant times a citizen of the State of Colorado for the purposes of diversity of jurisdiction.

6. For diversity purposes, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business." 28 U.S.C. § 1332(c)(1). At all relevant times, Wal-Mart was, and is, a corporation incorporated in the State of Delaware, with its principal place of business in the State of Arkansas. See attached Exhibit B, SEC Form 10-K. Defendant's principal place of business is in Arkansas, as its corporate headquarters and "nerve center" are located in Bentonville, Arkansas.

7. No change of citizenship of the parties has occurred since the commencement of this action. Under 28 U.S.C. § 1332(a), there is complete diversity of citizenship between Plaintiff and Defendant.

8. This Court has diversity jurisdiction where there is diversity of citizenship among the parties and the amount in controversy exceeds $75,000. *Stuart v. Colorado Interstate Gas Co.*, 271 F.3d 1221, 1224 (10th Cir. 2001). The amount in controversy must be determined by the allegations contained in the complaint or, if not dispositive, by the allegations in the notice of removal. *Martin v. Franklin Capital Corp.*, 251 F.3d 1284, 1290 (10th Cir. 2001); *Laughlin v. K-Mart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995). Where the complaint is inconclusive regarding the amount of damages sought, the Court may look to other sources to demonstrate jurisdictional facts, including "contentions, interrogatories or admissions in state court; by calculation from the complaint's allegations[;] *by reference to the plaintiff's informal estimates or settlement demands[;]* or by introducing evidence. . . about how much it would cost to satisfy the plaintiff's

demands." *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008) (quoting *Meridian Security Ins. Co. v. Sadowski*, 441 F.3d 536, 541-42 (7th Cir. 2006)).

9. The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff seeks damages from alleged dog bite sustained on April 4, 2024, and has alleged premises liability against Defendant, including damages for "physical bodily injuries, permanent physical impairment and disfigurement, past and future medical expenses, past and future wage loss, non-economic damages, court costs and attorney fees. (Complaint ¶ Wherefore Clause). Notably, there is no cap on damages for permanent disfigurement. C.R.S. § 13-21-102.5(5). Plaintiff has communicated that she has past medical bills that exceed $75,000.

10. Additionally, the Civil Case Cover Sheet provides further evidence that Plaintiff is pursuing damages in excess of $100,000, as it states: "This party is seeking a monetary judgment against another party of more than $100,00.00, exclusive of interests and costs" and provides a certification stating that the claims exceed $100,000. (Exhibit C). The United States Court of Appeals for the Tenth Circuit has concluded that a civil case coversheet is an "other paper" and, therefore, provides an appropriate basis to support the jurisdiction amount in controversy for purposes of removal. *Paros Props. LLC v. Colorado Cas. Ins. Co.*, 835 F.3d 1264, 1272-73 (10th Cir. 2016).

11. Pursuant to 28 U.S.C. § 1441(a), this Court is the appropriate court for filing a Notice of Removal from the District Court of Denver County, Colorado, where the state court case is currently pending.

12. Pursuant to 28 U.S.C. § 1446(d) and D.C.Colo.LCivR 81.1, this Notice of Removal has been sent to all other parties in this action and has been filed with the state court clerk's office.

Within fourteen days of the filing of this Notice of Removal, American Family will file a current state court docket sheet (register of actions) and will separately file each pending motion, petition, and related response, reply, and brief. Copies of the state court Complaint and Summons, Civil Case Cover Sheet, Returns of Service, and Orders served upon American Family are submitted contemporaneously with this Notice pursuant to 28 U.S.C. § 1446(a).

13. Pursuant to D.C.COLO.LCivR 3.1, a Civil Cover Sheet is filed contemporaneously with this Notice of Removal.

14. Pursuant to 28 U.S.C. § 1446(a), this pleading is being signed under Fed. R. Civ. P. 11.

DATED this the 19th day of December, 2025.

**QUINTAIROS, PRIETO, WOOD & BOYER, P.A.**

*/s/ Arron Nesbitt*
Arron Nesbitt, # 40610
Kerith A. Willard #59199
216 16th Street, Suite 1100
Denver, CO 80202
*Attorney for Wal-Mart Stores, Inc.*

# CERTIFICATE OF SERVICE

      The undersigned certifies that on the 19th day of December, 2025, a true and accurate copy of the foregoing **NOTICE OF FILING NOTICE OF REMOVAL TO U.S. DISTRICT COURT** was filed and served via email to all counsel of record:

Attorneys for Plaintiff:
Nathan T. Mattison, #38627
Ashlyn N. Smith, #61130
Law Offices of Dianne Sawaya, LLC
 4500 Cherry Creek Drive South, Suite 1030
Denver, CO 80246
Phone Number: (303) 758-4777
Fax Number: (303) 758-4779
E-mail: nmattison@d1slawfirm.com;
E-mail: asmith@d1slawfirm.com

                                                       /s/ *Alyssa Romero*

[6]